HARRIS *v.* LITTLE RED RIVER LEVEE DISTRICT No. 2.

4-3374

Opinion delivered February 26, 1934.

*Gordon Armitage* and *Brundidge & Neelly,* for appellant.

*Culbert L. Pearce,* for appellee.

HUMPHREYS, J.   Appellees brought suit in the chancery court of White County to obtain separate judgments against the southwest quarter of the northwest quarter

and the northwest quarter of the southwest quarter, section 32, township 8 north, range 5 west in said county for taxes due upon betterments assessed against said lands, alleging that the amount due the levee district for the years 1927 to 1932, inclusive, was $347.88, and that the amount due the drainage district was $849.72.

Appellant, who purchased said lands from the State of Arkansas on the 12th day of April, 1932, for $108, filed an answer alleging that the district taxes sought to be recovered against the lands in question were forever barred and extinguished when the State's tax title which he bought was confirmed on April 11, 1932, under the provisions of act 296 of the Acts of 1929. Relative to the confirmation of the tax title to said lands in the State, the answer of appellant contained the following specific allegation:

"On the 2d day of September, 1931, the State of Arkansas under and by virtue of act No. 296 of the General Assembly of the State, filed suit to quiet and confirm its title in and to the said lands. The plaintiffs herein, being the owners of said land, intervened and were made parties to said suit at their own request. Cross-complaint was filed setting up various reasons as to why title should not be confirmed, refusing and neglecting, however, to comply with the provisions of paragraph 8 of said act 296 which afforded them an opportunity to protect their rights. On the 11th day of April, 1932, this court sustained a demurrer to the intervention and cross-complaint of the plaintiffs herein and gave a decree in which title to the lands described in the complaint of the plaintiff were quieted and confirmed in the State of Arkansas."

Appellees filed a demurrer to the answer, which was sustained; whereupon appellee elected to stand upon his answer.

The court then found that the special improvement taxes due appellees prior to April 11, 1932, were extinguished by the confirmation decree, but that the special improvement taxes accruing after the confirmation decree were valid and subsisting liens upon the lands and ordered separate decrees of foreclosure for same in favor of

appellees and ordered the lands sold to satisfy said liens and decreed that deeds be executed by the commissioner who was ordered to make the sale at the expiration of five years, the redemption period fixed in act 43 of the Acts 1915.

Appellant has prosecuted an appeal to this court from that part of the decree fixing the lien upon the lands for improvement taxes accruing after the date of the decree confirming the title to said lands in the State.

Appellees have prosecuted a cross-appeal to this court from that part of the decree barring the collection of the improvement taxes which accrued prior to the date of the decree confirming the title to said lands in the State and in directing the commissioner to execute a certificate instead of a deed to the purchaser.

The pleadings reflect that the lands were forfeited and sold to the State of Arkansas for the nonpayment of the taxes from the year 1928, and that, after two years from the date of the sale, they were certified to the office of the Commissioner of State Lands; and that the title thereto was confirmed in the State on the 11th day of April, 1932, under the provisions of act 296 of the Acts of 1929. The pleadings also reflect that the lands were included in appellees' levee and drainage districts, which were organized in 1914, and were subject to special improvement taxes therein at the time same were forfeited to and the title confirmed in the State.

The pleadings also reflect that appellees were the owners of the lands by purchase for delinquent improvement taxes at the time the State instituted suit to confirm the title thereto and intervened in the suit for the purpose of attacking the forfeiture of the sale of the lands to the State and were denied the right to do so because they refused to tender or pay the taxes due the State. The intervention of appellees was filed in the confirmation suit under authority of § 8 of act 296 of the Acts of 1929. Said paragraph 8 is as follows:

"Any special improvement district claiming that there is owing to it overdue taxes on any land described in the State's petition shall have the right to be made a party defendant to the State's suit for the purpose of

contesting the sale under which the forfeiture to the State was made. And any such improvement district upon the payment of the amount of taxes, penalty and costs for which the land was forfeited and all past-due taxes which would have accrued had the land remained on the tax books at the valuation against it immediately prior to the forfeiture, shall be subrogated to the State's lien for the amount so paid, and such improvement district may include said amount due the district for taxes, and shall have the right to foreclose for such amount as though the same had been assessed against such land in favor of the improvement district."

Appellant contends that appellees were estopped by filing the intervention and failing to tender or pay the taxes due the State from thereafter asserting a lien upon the lands for improvement taxes due them. Section 8 of said act is a privilege extended to improvement districts to pay the State taxes and be subrogated to the State's paramount lien upon the lands for taxes due them. Certainly, it was not the intention of the Legislature to force improvement districts to pay the State's taxes upon lands embraced within said district; otherwise to lose their improvement taxes after confirmation of the tax title in the State.

Appellant also contends that the effect of the confirmation of tax titles by the State under the provisions of act 296 of the Acts of 1929 where special improvement districts fail to take advantage of § 8 of said confirmation act was to extinguish all special improvement taxes levied by the district, both delinquent and immature. This court has ruled that the forfeiture and sale of lands to the State for nonpayment of taxes has the effect of suspending the enforcement of special improvement taxes against the lands during the time the title thereto remains in the State or until the lands return to private ownership. This rule was announced in recognition of the State's paramount right of taxation. The rule was reiterated and stated as follows in the recent case of *Stringer* v. *Conway County Bridge District, ante* p. 481. "The decree of confirmation does not relieve the purchaser from the State of payment of as-

sessments because the sale to the State does not extinguish the lien; it merely suspends the lien while the title is in the State.''

Appellant argues that the districts became the owners of the lands in question by virtue of foreclosure proceedings to enforce their liens in the instant case, and that the rule announced in the Stringer case, *supra,* is not applicable. It makes no difference whether the delinquent improvement taxes have merged into a judgment or into the lands by foreclosure proceedings; still it is the duty of the purchaser to pay the districts' special improvement taxes in order to extinguish the liens of the districts for the payment thereof, the enforcement of which has been suspended during the time the tax title remained in the State. The trial court erred in failing to order a sale of the lands to pay all the improvement taxes accruing both before and after the confirmation of the title in the State. Appellees contend the court erred in directing the commissioner to execute a certificate instead of a deed to the purchaser at the sale for the improvement taxes. Appellees argue that under the provisions of §§ 3632 and 6836 of Crawford & Moses' Digest, the purchaser at the sale was entitled to a deed showing an indefeasible title unassailable either in law or equity, and that to deny the purchaser such a deed would impair the obligation of the contract the districts made with the bondholders. It is true that when the districts were created and the bonds issued, §§ 3632 and 6836 were in force, but the executions of the deeds provided for immediately after sale were a part of the foreclosure proceeding, or, more accurately speaking, a part of the remedy for enforcing the lien against the lands for delinquent improvement taxes. By act 359 of the Acts of 1925 the right to redeem the lands within two years after the sale was granted to owners, so the time was extended two years from ''immediately'' for the purchaser at the sale to obtain a deed. This was not an unreasonable extension, and therefore was not a denial of a right or the impairment of a contract. It was a moratorium that did not materially interfere with or abridge the contract. Authority for this construction of

the act extending the time of redemption will be found in the case of *Sewer Improvement District No. 1 of Wynne, Ark.,* v. *Delinquent Lands, ante,* p. 738.

Appellees also contend that act 129 of the Acts of 1933 repealing a part of act 43 of the Acts of 1915 (Crawford & Moses' Digest, § 5642), to the effect that the purchaser at the sale should have the right to possession of the lands and process therefor, impaired the obligation of the contract and was void. The districts were created and in operation prior to the passage of act 43 of the Acts of 1915, so appellees are in no position to assail the constitutionality of act 129 of the Acts of 1933 repealing that part of act 43 of the Acts of 1915 about which they complain. Act 43 of the Acts of 1915 was not a part of their contract and cannot be read into it.

On account of the errors indicated, the judgment is reversed on direct appeal and reversed in part on cross-appeal with directions to enter judgments against the lands for the entire amount of the improvement taxes prayed for in the complaint, and to order a sale thereof with direction to the commissioner to execute a certificate for a deed thereto at the expiration of two years from the date of sale.

SMITH and McHANEY, JJ., dissent.